People v Diallo (2024 NY Slip Op 05498)

People v Diallo

2024 NY Slip Op 05498

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Ind No. 70517/22 Appeal No. 2991 Case No. 2023-00025 

[*1]The People of the State of New York, Respondent,
v
Mamadou Diallo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori Weston, J.), rendered November 10, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant's valid waiver of his right to appeal forecloses consideration of his Second Amendment claim premised on New York Rifle & Pistol Assn. v Bruen (597 US 1 [2022]), as well as his claim that the sentence imposed was excessive (see People v Thomas, 34 NY3d 545 [2019]; People v Liriano, 226 AD3d 520 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]). As alternative holdings, we find, with regard to the Second Amendment claim, that defendant's claim is unpreserved (see People v Cabrera, 41 NY3d 35 [2023]; People v Khan, 225 AD3d 552 [1st Dept. 2024], lv denied 41 NY3d 1019 [2024]; People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]), that defense counsel was not ineffective for failing to assert the Bruen-based claim, that defendant lacks standing to assert the Second Amendment challenge (Khan, 225 AD3d at 552), and that defendant has failed to establish that his conviction is unconstitutional (id.). As to the excessive sentence claim, we perceive no basis for reducing defendant's sentence.
Based on our own interest of justice powers, we vacate the mandatory surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024