People v Rivera (2024 NY Slip Op 06308)

People v Rivera

2024 NY Slip Op 06308

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Ind. No. 71092/22 Appeal No. 3272 Case No. 2022-05052 

[*1]The People of the State of New York, Respondent,
v
Justin Rivera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered October 6, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of 90 days, unanimously affirmed.
Defendant validly waived rights to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 SCt 2634 [2020]), which forecloses review of his Second Amendment challenge (see People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]; People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). In any event, his claim is unpreserved (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant has failed to establish that he has standing to challenge Penal Law § 265.01(1), or that the statute is unconstitutional under New York State Rifle & Piston Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d at 455; People v Jackson, 225 AD3d at 548).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Gomez, 186 AD3d 422, 423-424 [1st Dept 2020]). As an alternative holding, we find that counsel was not ineffective for failing to raise a Bruen-based claim (see People v Caban, 5 NY3d 143, 152 [2005] [an attorney cannot be deemed ineffective for failing to pursue a course of action that has "little or no chance of success"]; People v Diallo, __ AD3d __, 2024 NY Slip Op 05498 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024