People v Anderson (2025 NY Slip Op 00386)

People v Anderson

2025 NY Slip Op 00386

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Ind No. 2567/16 Appeal No. 3545 Case No. 2018-2497 

[*1]The People of the State of New York, Respondent,
v
Leston Anderson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Danielle Krumholz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered November 23, 2016, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's Second Amendment claim is unpreserved (see People v Cabrera, 41 NY3d 35, 50 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that, on the present record, defendant has failed to demonstrate that he has standing to challenge Penal Law § 265.03(3) (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]), that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]), or that he would be entitled to vacatur of his conviction on that basis (see People v Daniels, 224 AD3d 554 [1st Dept 2024], lv denied 41 NY3d 982 [2024]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Rivera, _ AD3d _ , 2024 NY Slip Op 06308 [1st Dept 2024], citing People v Gomez, 186 AD3d 422, 423—424 [1st Dept 2020]). As an alternative holding, we find that counsel was not ineffective (see People v Stultz, 2 NY3d 277, 287 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025